EASTERN DIS.
June, 1832.

CHEW ET AL.
vs.
KEENE.

---

## CHEW ET AL. *vs.* KEENE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

When the Supreme Court are of opinion that the testimony does not support a fact assumed by the judge *a quo*, the judgement of the latter will be reversed.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

This case was before the Supreme Court in December term, 1830 (see 2 *Lou. Rep. p.* 120), and was remanded to be tried on a plea of prescription, which was made for the first time in this court; and also, for a new trial in relation to the price of two negroes which had been lost by the insolvency of the purchasers.

The suit is brought on a promissory note made by the defendant to the petitioners, in 1808, for the sum of two thousand one hundred and eighty-five dollars, payable on demand.   To this claim he pleaded *nil debit*, and also claimed in reconvention and compensation, from the plaintiffs, a large

sum of money on account of their negligence and mismanagement in relation to a cargo of slaves which had been consigned to them by him for sale, these slaves being his property, &c.

On the last trial of the cause in the court below, the claims of the defendant in reconvention and compensation, were rejected, except half of the price of the two slaves which had been sold to insolvent purchasers, without the usual precaution in such sales, of requiring security, &c.; and he, being dissatisfied with the judgement thus rendered, appealed.

The evidence of the case shows, that two hundred and twenty slaves were put on board a ship called the John Jones, at the port of Savannah, in Georgia, consigned to the plaintiffs: but there is no evidence to show that this entire number ever came into the possession of the consignees. They account for upwards of one hundred and ninety, and among these the two sold as above stated, for the price of one thousand seven hundred and fifteen dollars and eighteen cents. Half this amount the court below allowed in compensation of the plaintiff's demand, considering the late Daniel Clark as a joint owner with the defendant, of the slaves in question.

We are of opinion that the testimony does not support the fact thus assumed by the judge a quo. The only evidence which has the slightest tendency to establish any thing like a partnership between Clark and Keene, is the answer of one of the plaintiffs to an interrogatory propounded by the defendant, in which he says that these slaves were placed in the hands of the factors to be sold for account of D. Clark and Richard R. Keene, on the credit of the former of whom they had been purchased. Admitting this fact in its full extent, it does not show any ownership in Clark. As he had advanced the funds to Keene to pay for the slaves, he had an interest in having them disposed of in such a manner as to refund to him the money advanced, but they remained at the risk of the owner, who is the defendant in this suit. Any losses on the property, occasioned by unavoidable accidents, would have legally fallen on him.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court, be avoided, reversed, and annulled. And it is further ordered, adjudged, and decreed, that the plaintiffs and appellees do recover from the defendant and appellant, the sum of four hundred and sixty-nine dollars and eighty-two cents, with interest from the judicial demánd (viz. 17th of February, 1830), at the rate of five per centum per annum, until paid, with costs in the court below, those of this court to be borne by the appellees,